## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:06-60074-05 |
| VERSUS | * | JUDGE DOHERTY |
| MARIA AIDE DELGADO | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion for Independent Consideration of 5K1.1 Eligibility, filed in proper person by Maria Aide Delgado ("Delgado").[1]   [Rec. Doc. 659].   The Government has filed a Response In Opposition  [Rec. Doc. 674].   For the following reasons, the court recommends that the Motion be **DENIED.**

### BACKGROUND

On  November 16, 2006, Delgado was named in a multi-count  indictment charging her with conspiracy to possess with intent to distribute cocaine, cocaine base and marihuana in violation of 21 U.S.C. §846 (Count 1), unlawful use of a communication facility  in violation of 21 U.S.C. § 843(b) (Counts 5 and 7), distribution of cocaine  in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2 (Count 6), possession of a firearm in furtherance of a drug trafficking crime in violation of  18 U.S.C. § 924(c)(1) (Count 14), and forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) (Counts 16 and 17).  [rec. doc. 1].

---

[1]The undersigned has granted Ms. Delgado permission to file *pro se* Motions which have been reviewed and certified by counsel as lacking sufficient basis in law or fact for counsel to file on the defendant's behalf.

On November 14, 2007, Delgado was named in a superceding indictment in which she was additionally charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 15).[2] [rec. doc. 235].

On December 16, 2008, the defendant appeared in open court and pleaded guilty as charged to Count 1 of the indictment.  [rec. doc. 463].   In connection with the plea, the parties entered into a written plea agreement which provided in pertinent part as follows:

> The defendant agrees to cooperate fully and truthfully in the Government's investigation and prosecution of the acts which led and relate to the charges in this matter and any other criminal activity about which she has knowledge, such cooperation including, but not limited to, testifying before the Grand Jury or at trial if requested.  Defendant understands that her failure to testify truthfully can result in her being prosecuted for perjury or giving false statements and in the Government withdrawing this Plea Agreement. [rec. doc. 464, pg. 2, ¶1(B)].

>                    . . .

> In exchange for the consideration set forth in Paragraph One (1) above, the United States Attorney for the Western District of Louisiana agrees . . .

>                    . . .

> If the defendant's cooperation is completed prior to sentencing, the United States agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Section 5k1.1 of the United States Sentencing Commission Guidelines Manual, Title 18, United States Code, Section 3553(e), and the policy of the United States Attorney for the Western District of Louisiana, so as to warrant the filing of a motion at the time of sentencing

---

[2]In the superceding indictment, original Count 14 was renumbered as Count 13, and original Counts 16 and 17 were renumbered as Counts 22 and 23.

2

seeking downward departure from the below stated statutory minimum penalties . . .[rec. doc. 464, pg. 4, ¶2(B)].

...

At or before the time of sentencing, the United States will advise the Court of any assistance provided by the defendant in the ongoing investigation into her narcotics sources, and all other criminal offenders, including narcotic traffickers, about whom she has knowledge, and related criminal activity within the Western District of Louisiana and elsewhere, or in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event she provides "substantial assistance." This decision shall be in the sole and non-reviewable discretion of the United States Attorney.

It is understood and agreed that a motion for departure shall not be made, under any circumstances unless defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that the defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance." [rec. doc. 464, pg. 7-8, ¶3(H)].

During the plea colloquy, after Mr. Grayson's recitation of the above, Judge

Doherty expressly advised Delgado about the discretionary nature of the government's

agreement regarding the filing of a 5k1.1 Motion, verifying that Delgado understood as

follows:

THE COURT: Now you understand, Ms. Delgado, that the government has the choice to file those or not, and there's very little if anything this Court

3

can do if the government feels that your cooperation has not been
substantial.  You understand that?

THE DEFENDANT: Yes, Your Honor.
[plea trs., pg. 39-40].

In the instant Motion Delgado asserts that Assistant United States Attorney Brett

Grayson ("Grayson") made a "specific demand . . . requiring specific testimony against a

particular co-defendant in this case and when [she] refused to provide testimony against

that [co-defendant]", Grayson indicated that he would not file a Section 5k1.1 Motion on

her behalf.

Thus, Delgado contends that Grayson's decision is arbitrary, capricious and

unconstitutional because he "sought to use the 5k1.1 to coerce [her] into testimony. . . ."

She therefore requests that this court remove Grayson from her case and that the court,

thereafter, make "an objective determination of whether her assistance was substantial

and sufficient for a 5k1.1 recommendation. . . . "

The government responds that Delgado has not alleged nor proven that any

unconstitutional motive motivated its decision not to file a Section 5k1.1 Motion on

Delgado's behalf.  Moreover, the government asserts that under the terms of the plea

agreement, it has unfettered discretion to determine if a Section 5k1.1 Motion should be

filed, and that, considering Delgado's acknowledgment that she has refused to provide

information regarding a "particular co-defendant", about whom its investigation reveals

that Delgado has knowledge of illegal activities, it was justified in determining that

4

Delgado should not be rewarded by the filing of such a Motion.

## LAW AND ANALYSIS

Absent a motion for downward departure made by the Government pursuant to 18 U.S.C. § 3553(e), a sentencing court is without authority to grant a downward departure on the basis of substantial assistance under guideline § 5K1.1. *United States v. Price*, 95 F.3d 364, 367 (5th Cir. 1996) *citing Wade v. United States,* 504 U.S. 181, 184, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992); *See also United States v. Solis*, 169 F.3d 224, 226 (5th Cir. 1999); and *Melendez v. United States*, 518 U.S. 120, 116 S.Ct. 2057, 2063 (1996). Where applicable, section 5K1.1 "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Id.* Put differently, "§ 5K1.1 does not require the government to move for a downward departure if the defendant provides substantial assistance, but rather grants the government discretionary power to make such a motion." *Id. citing United States v. Garcia-Bonilla,* 11 F.3d 45, 46 (5th Cir.1993). Accordingly, a defendant who provides substantial assistance without receiving a downward departure is not entitled to a remedy. *Garcia-Bonilla,* 11 F.3d at 46.

Generally, the prosecutor's exercise of this discretion is not subject to review. However, there are two limitations on the government's discretion. First, a district court may review the government's refusal to move for a downward departure based on substantial assistance if the refusal is based on an unconstitutional motive, such as the defendant's membership in an identified group, her race or religion. *Solis,* 169 F.3d at

226-227 *citing Price,* 95 F.3d at 368 *citing Wade,* 504 U.S. at 185, 112 S.Ct. at 1843-44; *See also United States v. Aderholt,* 87 F.3d 740, 743 (5th Cir. 1996); *United States v. Urbani,* 967 F.2d 106, 110 (5th Cir. 1992).  Generalized allegations of an improper motive are insufficient to establish a constitutional violation. *Wade,* 112 S.Ct. at 1844.

Second, the government may bargain away it's discretion under the terms of the plea agreement and thereby obligates itself to move for a downward departure in exchange for substantial assistance.  *Solis,* 169 F.3d at 226-227.  In those cases where the government obligated itself to move for departure, the court may inquire as to whether the aid rendered by the defendant constitutes substantial assistance.  *Price,* 95 F.3d at 368.  However, where the government retains it's discretion under the plea agreement, it is unnecessary for the court to determine whether the defendant's actions amounted to substantial assistance. *Garcia-Bonilla* 11 F.3d at 47; *Price,* 95 F.3d at 368 *citing Aderholt,* 87 F.3d at 742.  The question of whether or not the government has retained its discretion to refuse to move for a downward departure based on substantial assistance turns on the specific language of the plea agreement at issue.  *Price,* 95 F.3d at 368.

Neither of the two exceptions are applicable to this case.  The plea agreement at issue herein expressly states that the government retains "sole and non-reviewable discretion" over the decision of whether or not a motion for downward departure from the sentencing range called for by the guidelines will be submitted in the event petitioner provided substantial assistance.

6

Moreover, Judge Doherty specifically advised petitioner of the full import of that provision noting the government did not have to file a motion on her behalf and in that event, there was little if anything she could do about it.  In response, petitioner expressly stated, under oath, that she understood the agreement. Thus, there is nothing to indicate any confusion or lack of understanding on Delgado's part.

Additionally, the plea agreement contained no promise by the government to file motion. To the contrary, the agreement states that "no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects. . . ." Delgado also advised the court while under oath that no promises other than those in the plea agreement had been made to her. [plea tr. pg. 44].

Delgado's testimony at the plea hearing, her colloquy with the court,  and the express terms of the written plea agreement and documents signed in connection with the plea clearly refute any claim that the government relinquished it's discretion and was thereby obligated to file a motion for departure on Delgado's behalf.  The record is clear and unambiguous.

Because the plea agreement at issue herein expressly retains the government's absolute discretion on whether or not to file for a downward departure and contains no promise that such a motion would be filed, the  government did not obligate itself to move for departure.  Accordingly, the court cannot grant Delgado the relief she seeks on this basis.

Likewise, Delgado has not shown that the government was motivated by an unconstitutional consideration.  Initially, the undersigned notes that Delgado does not argue that the government's failure to file a motion for downward departure was based upon any cognizable unconstitutional motive.  She does not assert that the refusal is based on her membership in any protected class or for any religious or racial reasons. To the extent that her allegations may be construed as a claim that her due process rights were violated because the government's refusal to file a motion for downward departure, that claim is without merit. Defendants have no constitutional right to a "substantial assistance" departure.  *Aderholt,* 87 F 3d at 743.  Delgado suggests that the government's (Grayson's) refusal to move for downward departure was in bad faith.  However, the Fifth Circuit has expressly rejected such bad faith claims limiting review solely to claims of unconstitutional motive.  *Solis,* 169 F.3d at 227 fn.3[3]; *See also Aderholt,* 87 F.3d at 742-743; and *Wade,* 504 U.S. at 185-186 (a district court has the authority to review the government's failure to move for a downward departure only if the court finds that the refusal is based on an unconstitutional motive).

Petitioner also suggests that the government negotiated the plea in bad faith because "it sought to use the [filing of a] 5k1.1 Motion to coerce this defendant into

---

[3]In *Solis*, the Fifth Circuit found as follows:
"In *Abuhouran*, the [Third Circuit] noted that even when the Government retains 'sole discretion' over whether or not to offer a § 5K1.1 motion, district courts may depart in cases where the Government refuses to offer the motion in bad faith.  We disagree with this portion of the court's opinion.  In cases where the plea agreement expressly states that the government retains sole discretion over the decision as to whether or not to submit a motion, we have held that a refusal to do so is reviewable only for unconstitutional motive."

testimony in the instant trial . . . ." To the extent that Delgado suggests that the government used the possibility of the filing of such a motion as an improper inducement for her plea, that claim is without merit.  Under similar circumstances, the Fifth Circuit has expressly rejected this same argument in *United States v. Aderholt*, 87 F.3d 740 (5th Cir. 1996).[4]

Finally, Delgado's claim that the government's (Grayson's) decision not to file a Section 5k1.1 Motion is arbitrary and capricious warrants no relief.  Delgado asserts that the government (Grayson) was requiring her to provide information against a co-defendant for trial, rather than allowing her  to divulge knowledge of "criminal conduct in the broader context."  However, that is exactly what the plea agreement permits the government to do.  Delgado was required to "cooperate fully and truthfully in the

---

[4]In *Aderholt*, the defendant argued that "the Government negotiated the plea agreement in bad faith because it never intended to file a §5K1.1 motion, and the Government breached the plea agreement by refusing to file the motion." *Aderholt*, 87 F.3d at 742.  He further argued that "the possibility of a §5K1.1 motion was an inducement for the plea" which violated his right to due process. *Id*. at 743.  Thus, the defendant claimed that he was entitled to downward departure.  In so doing, he implicitly asked the court to determine that his actions amounted to substantial assistance. *Id*. at 742-743.

The Fifth Circuit disagreed with the defendant.  First, as in the instant case, the court found that by the terms of the plea agreement the government had retained its discretion to move for departure.  Accordingly, the court could not review the government's conduct in light of the agreement, nor could it determine whether the defendant had rendered substantial assistance as such inquiry is reserved solely for those cases in which the government surrendered its discretion. *Id*. at 743.  Rather, review was limited to whether the government's failure to file was based upon unconstitutional motivations. *Id*. at 742-743.  Although the defendant argued that the government had induced him to plead guilty by deceitfully offering the possibility of the filing of a motion for downward departure when it never intended to file such a motion, the court held that "the implication of the principle of just return for giving up constitutional rights requires the existence of a plea bargain in which the government bargains away its discretion.  There can be no inducement when the government retains sole discretion." *Id*. at 743.  Thus, because the defendant had not demonstrated any cognizable unconstitutional motive and the plea agreement had reserved the government's discretion, petitioner's claims were rejected.

In light of *Aderholt,* any similar claim by Delgado claim must likewise be rejected.  The government did not promise to file a motion for downward departure and did not surrender it's discretion to determine if such a motion would be filed, nor has Delgado demonstrated any unconstitutional motive for the government's failure to so move.  Accordingly, this court cannot review the government's conduct in failing to move for departure, nor can this court determine whether petitioner has rendered substantial assistance.

Government's investigation and prosecution of the acts which led and relate to the charges in this matter . . . such cooperation including, but not limited to, testifying . . .  at trial if requested."  The plea agreement does not permit Delgado to pick and choose the information which she wishes to provide, nor does it permit her to determine the information that she will provide against any particular co-defendant, as she suggests.  It is the government which determines what information it seeks with respect to this and other criminal cases.  While Delgado may have information about other criminal activity, that is apparently not information the government deems relevant, and it is not the role of this court to direct or oversee the exercise of the government's prosecutorial judgment.

Moreover, the government has offered an explanation for its refusal, at this stage, to move for a downward departure; Delgado has not fully cooperated by divulging information she possesses against a co-defendant as is required by the terms of her plea agreement, thereby rendering her "useless as a witness for the Government".  There is nothing before this court contradicting the government's assertion that, at this stage of the proceedings, it has declined to exercise it's discretion to move for departure pursuant to § 5K1.1 based upon Delgado's incomplete responses during her debriefing and refusal to provide information against a particular co-defendant about whom its investigation reveals that Delgado has knowledge of illegal activities.  Delgado's generalized assertions indicate nothing more than her disagreement with the government's decision. However, such generalized allegations do not establish a constitutional violation and provide no

10

grounds for relief.  *United States v. Carrizo*, 53 F.3d 1282 (5th Cir. 1995) (unpublished) *citing Wade*, 112 S.Ct. at 1844; *see also United States v. Urbani*, 967 F.2d 106, 110 (5th Cir. 1992) (rejecting a broad reading of *Wade's* statement that there be a rational relationship to a legitimate government end to justify refusal to downward depart in cases alleging arbitrary conduct). For these reasons, there is nothing arbitrary or capricious about the government's (Grayson's) decision.  To the contrary, it appears that the government's decision rests upon, and is supported by, a rational basis.

This court has already denied Delgado's Motion to Disqualify Assistant United States Attorney Brett L. Grayson. [rec. doc. 601]. Accordingly, to the extent that Delgado additionally seeks removal of Grayson, the undersigned will not revisit the issue.

Based on the foregoing reasons, the undersigned recommends that Delgado's Motion for Independent Consideration of 5K1.1 Eligibility be **DENIED.**[5]

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[5]The undersigned expresses no opinion on the effect of *Gall v. United States* on the continuing need of a § 5K1.1 motion.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 18th day of February, 2010, at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE