UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 06CR60074-05** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **MARIA AIDE DELGADO** | * | **MAGISTRATE JUDGE HILL** |

## O R D E R

The Court previously received a hand written letter from *pro se* litigant, Maria Aide Delgado ("Delgado") addressed to Judge Doherty, dated February 20, 2012. [rec. doc. 1082].

Upon review of the letter, the Court advised Delgado that to the extent that she intended the letter to constitute a "motion", Delgado had not cited any statute or rule under which her pleading may be filed, or any authority for this Court to consider her requests for relief. The Court further advised Delgado that it appeared that the only such statutory basis for the pleading, if it is a pleading at all, is 28 U.S.C. § 2255 which permits a federal prisoner to collaterally attack her conviction and sentence by filing a motion to vacate, set aside, or correct her sentence**.** [rec. doc. 1089].

While the Court did not believe Delgado intended the letter to constitute a § 2255 Motion, pursuant to *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), Delgado was advised that if this Court recharacterizes her *pro se* filing  as a request for relief under 28 U.S.C. § 2255, this recharacterization would mean that the filing would be subject to the provisions of the AEDPA, including the timeliness and

second or successive provisions. Thus, Delgado was granted the opportunity to (1) contest recharacterization of her letter by filing an appropriate objection to same citing the authority upon which her pleading is based; (2) withdraw the instant "motion" - thus, rendering the filing as having no legal effect; or (3) advise the Court that the letter is a motion filed pursuant to 28 U.S.C. § 2255 which contains all of Delgado's § 2255 claims or amend the instant "motion" so that it contains all the § 2255 claims Delgado believes she has. [rec. doc. 1089].

In response, Delgado has filed a document entitled "Motion to Object that Letter, (Recorded Document 1082) is Not to be Construed as a Motion 28 U.S.C. § 2255", in which Delgado expressly states that she does not want this Court to recharacterize her prior filing as a § 2255 Motion. [rec. doc. 1119].

In her Motion to Object, Delgado has not cited any statute or rule under which her former pleading may be filed, or any proper authority for this Court to consider her requests for relief.[1] Delgado explains that her former pleading "is not a civil suit, it is an Action, which requires further proceedings." More specifically, she explains that her former filing, as supplemented by the claims and allegations in her Motion to Object, is a request that this "Court conduct a full, complete and thorough investigation as to

---

[1] Delgado alleges that her letter was "directed specifically to United States District Judge, Rebecca F. Doherty, pursuant to Title 28 U.S.C. 174(a)." That statute sets forth the judicial power of the sixteen judges appointed by the President to the United States Court of Federal Claims, a court established under Article I of the Constitution of the United States. *See* 28 U.S.C. § 171, *et seq.* The statute has no applicability to this Court established under Article III of the Constitution of the United States.

Government Corruption" which Delgado outlined in her testimony at the recent trial of her brother, Antonio Luna Valdez, Jr. She further explains that her former filing is a request that this Court "forward" the claims and allegations regarding various alleged federal criminal violations committed by Assistant United States Attorneys Brett Grayson and Richard A. Willis, Immigration and Customs Enforcement Agent Errol Catalan and others, contained in her prior filing, as supplemented by the instant filing, to the Federal Bureau of Investigations ("FBI"), ordering the FBI to speak to Delgado about the alleged criminal activity. [rec. doc. 1119].

Despite the lack of any statutory or jurisprudential base upon which Delgado's pleading may be filed[2], it is nevertheless clear that the relief requested by Delgado in her original filing as explained in her Motion to Object cannot be granted by this Court. Decisions whether to prosecute or file criminal charges against another individual are made by the executive branch of government – charged by the Constitution to "take Care that the Laws be faithfully executed" and lie within the prosecutor's total discretion.[3]

---

[2] The Court notes that Delgado does not have a constitutional right to have any person criminally prosecuted *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990*); Busick v. Neal,* 380 Fed. Appx. 392, 399-400 (5th Cir. 2010); *Lewis v. Jindal,* 368 Fed. Appx. 613, 614 (5th Cir. 2010) *citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Benoit v. Cain,* 2010 WL 897247, *1 (W.D. La. 2010); *Williams v. Dyess*, 2011 WL 285093, *3 (W.D. La. 2011); *Stanley v. Unknown Prison Officials*, 2010 WL 678690, *3 (W.D. La. 2010); *Carlock v. Rapides Parish Sheriff*, 2010 WL 537103, *2 (W.D. La. 2010); *Wilson v. Longino*, 2009 WL 1076684, *3 (W.D. La. 2009). Accordingly, her filings cannot be considered under 42 U.S.C. § 1983.

[3] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Wilson v. Longino*, 2009 WL 1076684, *3 (W.D. La. 2009) ("a federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. Nor may a court order prosecution of individuals at the instance of private persons." (citations omitted)); *Heckler v. Chaney*, 470 U.S. 821, 832, 105 S.Ct. 1649, 1656 (1985); *Inslaw, Inc. v.*

Furthermore, the decision as to whether an investigation will be initiated lies within the discretion of the executive branch.[4] It is not the province of this Court to inject itself into traditionally executive areas of decision making as that would implicate the constitutional principle of separation of powers.[5]

Accordingly, it is well settled that, as an arm of the judicial branch of the United States government, this Court cannot investigate alleged wrongdoing or file federal criminal charges against persons alleged to have engaged in criminal activity. Such actions are within the sole province of the executive branch of United States Government, its agencies and the office of the United States Attorney for the Western District of Louisiana.[6] Nor does this Court have the power to order the criminal prosecution of any

---

*Thornburgh*, 753 F. Supp. 1, 5-6 (D.Ct. D.C.); *United States v. Rockwell*, 924 F.2d 928, 937-38 (9th Cir. 1991) (Reinhardt, concurring).

[4] *See Heckler*; *Inslaw, Inc.,* and *Rockwell* (Reinhardt, concurring), *supra; Kates v. Micieli,* 2010 WL 55916, *1 (W.D. La. 2010) (refusing to order law investigatory agencies, such as the FBI, to conduct an investigation of plaintiff's complaints because the authority to do so lies within the discretion of the executive, rather than the judicial branch) *citing Heckler, Inslaw, Inc.* and *Rockwell* (Reinhardt, concurring), *supra., United States v. Hunter,* 13 F. Supp.2d 586, 591 (D. Vermont 1998) and *May v. Kennard Independent School District,* 1996 WL 768039, *4 (E.D. Tex.1996) (declining to order the commencement of a federal investigation noting the "extremely strong presumption" against judicial intrusion into executive functions, based on the separation of powers principle which acts as a restraint on the power of federal courts).

[5] *See Olagues v. Russoniello*, 770 F.2d 791, 802-03 (9th Cir. 1984); *Presley v. Presley*, 102 Fed. Appx. 636 (10th Cir. 2004) *citing Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (holding that "a request that the federal courts order investigation and prosecution of various people for various crimes . . . would improperly intrude upon the separation of powers." and that "[b]road [prosecutorial] discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.")*; Inslaw, Inc.*, *supra.; Kates, supra. citing May* and *Inslaw, Inc.*

[6] *See Kates v. Micieli,* 2011 WL 744549 *1 at fn. 3 (W.D. La. 2011) *citing McCloud v. Craig*, 2009 WL 251 5609, *2 (E.D. La. 2009) ("Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts."), *Bland v. Terrebonne Parish Criminal Justice Complex,* 2009 WL 3486449, *3 (E.D. La. 2009) (same) and *Hymel*

individual, much less order the conduct of such an investigation by the FBI, an agency of the executive branch of the United States government.[7][8]

For the reasons set forth above;

The "Motion to Object that Letter, (Recorded Document 1082) is Not to be Construed as a Motion 28 U.S.C. § 2255" [rec. doc. 1119] is **granted.** Accordingly, the **Clerk shall** amend and correct this court's docket to reflect that the hand written letter from *pro se* litigant, Maria Aide Delgado addressed to Judge Doherty, dated February 20, 2012 [rec. doc. 1082] is a Motion for Court Ordered Investigation, not a Motion to Vacate filed pursuant to 28 U.S.C. § 2255.

---

*v. Champagne,* 2007 WL 1030207, *2 (E.D. La. 2007) (denying plaintiff's request that the court order an investigation of a correctional center stating "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such investigations are solely within the purview of law enforcement authorities."); *Kates ,* 2010 WL 55916 at *1 (citations omitted); *Tunne v. U.S. Postal Service,* 2010 WL 290512, * (W.D. Ky. 2010) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors.") citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis.1986), *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.") and *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir.2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

If Delgado wishes to further pursue her request for criminal charges with the appropriate prosecuting agency, plaintiff should be mindful such agencies have broad discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek. *United States v. Lawrence*, 179 F.3d 343, 348-349 (5th Cir. 1999).

[7] *See Id.; Jones v. Ruiz*, 2011 WL 197872, *7 (W.D. Tex. 2011); *Wilson*, 2009 WL 1076684 at *3; *Olagues*, 770 F.2d at 803 (noting that it is not the role of a federal court to be " a 'super prosecutor' empowered to monitor all prosecutorial activities on a day-to-day basis. . . . ")

[8] As this Court lacks authority to investigate or order than an investigation be conducted, to the extent that Delgado additionally requests that this Court order the indefinite suspension of Assistant United States Attorneys Brett Grayson and Richard A. Willis pending her requested investigation, that request likewise cannot be granted.

The Motion for Court Ordered Investigation [rec. doc. 1082], as supplemented by the claims and allegations contained in record document 1119, is, for those reasons set out above, **denied.**

Signed March 28, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE