UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06CR60074-08 |
| VERSUS | * | JUDGE DOHERTY |
| MARIA AIDE DELGADO | * | MAGISTRATE JUDGE HILL |

## ORDER

Currently before court is the "Motion to Appeal Payment for Copies" filed by Maria Aide Delgado ("Delgado"). [rec. doc. 1144].  By this Motion, Delgado seeks free copies of the following documents from this Court: (1) the transcript of a November 27, 2007 status conference between counsel and the Court, wherein the status of discovery was discussed (the proceedings were not transcribed by a court reporter, but rather were recorded on the Court's recording system; thus, only minutes are available at this time) [rec. doc. 266]; (2) the transcript of Delgado's December 4, 2007 initial appearance and arraignment on the superceding indictment (the proceedings were not transcribed by a court reporter, but rather were recorded on the Court's recording system; thus, only minutes are available at this time) [rec. doc. 280]; (3) the transcript of the return on Delgado's arrest warrant on December 4, 2007 (no hearing was held and hence there is no transcript) [rec. doc. 352]; (4) the transcript of a June 17, 2009 hearing on Delgado's Motion to Release Thomas C. D'Amico, her retained counsel [rec. doc. 594]; (5) the transcript of an October 21, 2009 hearing on G. Paul Marx's Motion to Withdraw as court appointed counsel of record [rec. doc. 654] (transcribed by court reporter Mary

Thompson, but not filed in the record); (6) the transcript of a December 1, 2009 and December 22, 2009 evidentiary hearing on Delgado's Motion to Withdraw her Guilty Plea [rec. docs. 704 and 705]; and (7) Delgado's April 16, 2010 sentencing transcript [rec. doc. 770]. Delgado requests these transcripts to assist her to file a Motion to Vacate pursuant to 28 U.S.C. § 2255. This Court's records clearly indicate that, with the exception of the November 27, 2007 status conference between counsel and the Court and the return on Delgado's arrest warrant on December 4, 2007, Delgado was present at all of the proceedings of which see now seeks free transcripts.

By letters dated April 7, 2012 and May 13, 2012, Delgado requested a copy of her sentencing transcript contained in this Court's record. [rec. docs. 1123 and 1137]. In response to that request, petitioner was instructed to submit a copying fee to the Clerk of Court. In so doing, the Clerk specifically advised petitioner that the court charges .50 per page for copy work requests "even if you are granted in *forma pauperis* status . . . ." [rec. docs. 1123-1; 1138-1]. Petitioner failed to pay the copy fee and instead filed the instant Motion arguing that she is constitutionally entitled to free transcripts and that the Clerk of Court's action was in violation of 28 U.S.C. § 753(f). The Motion was referred to the undersigned for disposition. [rec. doc. 1174].

This Court does not provide copies of court documents to litigants free of charge. Additionally, petitioner has not demonstrated sufficient evidence or good cause as to why she is entitled to copies of the record at the Court's expense. Furthermore, petitioner's *in forma pauperis* status does not excuse her from payment of litigation costs that a party must bear, including this Court's copy fee; an indigent petitioner is not entitled to copies

of any documents she desires without payment of the normal fees and costs. *Miller v. Louisiana,* 2011 WL 6300559, *3 (W.D. La. 2011) *citing Billups v. West,* 1997 WL 100798, *7 (S.D. N.Y. 1997), *In Re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990), *Guinn v. Hoecker,* 43 F.3d 1483, *1 (10th Cir. 1994), *cert. denied*, 514 U.S. 1118, 115 S.Ct. 1980, 131 L.Ed.2d 868 (1995), *Gill v. Neaves,* 657 F. Supp. 1394, 1402 (W.D. Tex. 1987), *United States v. Bowler*, 1998 WL 158732 (E.D. La. 1998) *citing Tabron v. Grace*, 6 F.3d 147, 158-69 (3rd Cir. 1993), *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964), and *Schwarz v. Interpol*, 48 F.3d 1232 (10th Cir. 1995).

Furthermore, an indigent defendant has no constitutional right to acquire a free copy of her transcript or other court records for use in a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317, 325-26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *United States v. Peralta-Ramirez*, 266 Fed. Appx. 360 (5th Cir. 2008). The United States Supreme Court explained the reason for this rule is that "The usual grounds for successful collateral attacks upon convictions arise out of . . . events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack." *MacCollom*, 426 U.S. at 327.

To obtain a transcript at government expense, the movant must satisfy 28 U.S.C. § 753(f). *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985); *United States v. Davis*, 369 Fed. Appx. 546 (5th Cir. 2010). Section 753(f) "provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted

claim is not frivolous and that the transcript is needed to decide the issue." *United States v. MacCollom*, 426 U.S. 317, 320-21, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (internal quotation marks omitted); *Davis, supra*. The movant therefore must "bring to [the court's] attention any facts that might require a close examination of the trial transcript" to demonstrate that the transcript is necessary for the proper disposition of her claims. *Harvey*, 754 F.2d at 571; *Davis, supra*.; *United States v. Watson*, 61 Fed. Appx. 919 (5th Cir. 2003).

    In this case, Delgado has failed to satisfy her burden of demonstrating that any claim she may have is not frivolous or that the requested transcripts are needed for the proper disposition of any such claim. She has not set forth any issues she intends to raise in her § 2255 motion. Rather, it appears that Delgado merely seeks copies of the transcripts to identify claims which may be available to her. However, such a request is clearly improper.

    A § 2255 movant is not entitled to conduct a "fishing expedition" to locate possible errors. *Watson*, 61 Fed. Appx. at 919, *1 citing *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir.1982); *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) ("Carvajal cannot now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255."); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error."); *Richardson v. United States*, 2008 WL 4298389, *4 (W.D. La. 2008).

Accordingly;

**IT IS ORDERED** that the instant "Motion to Appeal Payment for Copies" [rec. doc. 1144] is **denied**. Delgado's right to re-urge this request after filing a timely § 2255 Motion to Vacate is reserved with respect to any claim asserted therein.

Signed in chambers in Lafayette, Louisiana on this 18th day of July, 2011.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE